*993 OPINION.
Murdock:
It may be that the first issue in this case is limited to the question of whether or not the cost of certain changes in a building was a capital expenditure or deductible as an ordinary and necessary expense, but the evidence indicates that entirely aside from this question, there might be another reason why the petitioner would not be entitled to deduct the amounts in controversy. Apparently McCarthy paid about $5,000 to have certain changes made in the building, and Elnora C. Haag, as distinguished from the petitioner, paid him $4,000 as her share of the total expenditures made. If that is the true situation, and the evidence indicates that it is, the petitioner would not be entitled to the expense deductions claimed because it was put to no expense, and, furthermore, we could not properly allocate $4,000 to the various items, some of which were certainly of a capital nature.
But confining ourselves to the issue, we must nevertheless affirm the Commissioner, for it appears that a large part of the cost was properly classified as a capital expenditure on which it has not been shown that the Commissioner failed to allow depreciation, and in any event the evidence is insufficient for us to determine both the cost of such expenditures and the rate of depreciation applicable thereto. Furthermore, in regard to any items which were ordinary and necessary expenses, the evidence is insufficient to enable us to segregate the amount expended therefor.

Judgment will he entered for the respondent.